## THE UNITED STATES COURT OF FEDERAL CLAIMS

1.  ANGELA BIBBINS

2.  NICOLAS A. BOGGS

3.  WILLIAM COTTER

4.  LUPE CRESPIN

5.  BRIAN DOMINGUEZ

6.  BRYAN C. DWIGHT

7.  PHILIP J. DZIKI

8.  SONJA FLADIE

9.  STACY K. FOSTER

10. REBA E. FOWLER

11. DESRA S. FRASER

12. WILTON C. GLEATON

13. CHERYL R. GLENN

14. IRIS N. GREMILLION

15. ETTA M. GUILLORY

16. DAVID HAWLEY

17. KELLY HEIM

18. ANGELA M. HOOVER

19. CHRISTINE KENT

20. KRISTIN LILES

21. ROBERT LITTLE

Civil Action No. 17-1946C
(Judge Charles F. Lettow)

**SEVENTH AMENDED
COMPLAINT**

22. CECIL I. MANUEL

23. RICARDO I. MARRERO

24. YOLANDA MEGGS

25. ANA ALICIA MENDIVIL

26. RICKY J. MUSTION

27. SCARLET E. NARDO

28. KAREN A. O'DONNELL

29. TINA J. PALMIERI

30. JEREMY S. PELT

31. LORNA PETTY

32. JOHN R. QUESADA

33. RUBY REED

34. SHEREE R. ROBERTS

35. ROBERTO SANCHEZ

36. DIANE M. SCHMITT

37. MELANIE M. SHEA

38. MARLENE C. SHEDD

39. MARGARET D. SPECHT

40. DEBRA G. VAN FOSSEN

41. LAURA M. VANDIVER

42. LISA S. VIOLA

43. DAVID T. WHITTLE

44. CHERICE WILLIAMS

45. ANDREW D. YOUNG

|                              |
| Plaintiffs,                  |
| v.                           |
| UNITED STATES OF AMERICA,    |
| Defendant.                   |

## **SEVENTH AMENDED COMPLAINT**

Pursuant to Rule15(a) of the U.S. Court of Federal Claims, plaintiffs hereby submit the Seventh Amended Complaint, which is amended solely for purposes of adding Brian Dominguez, Reba E. Fowler, Christine Kent, Cecil J. Manuel, Ricardo I. Marrero and Cherice Williams to this action.

## **INTRODUCTION**

1.      This is a civil action brought by plaintiffs Angela Bibbins, Nicolas A. Boggs, William Cotter, Lupe Crespin, Brian Dominguez, Bryan C. Dwight, Philip J. Dziki, Sonja Fladie, Stacy K. Foster, Reba E. Fowler, Desra S. Fraser, Wilton C. Gleaton, Cheryl R. Glenn, Iris N. Gremillion, Etta M. Guillory, David Hawley, Kelly Heim, Angela M. Hoover, Christine Kent, Kristin Liles, Robert Little, Cecil I. Manuel, Ricardo I. Marrero, Yolanda Meggs, Ana Alicia Mendivil, Ricky J. Mustion, Scarlet E. Nardo, Karen A. O'Donnell, Tina J. Palmieri, Jeremy S. Pelt, Lorna Petty, John R. Quesada, Ruby Reed, Sheree R. Roberts, Roberto Sanchez, Diane M. Schmitt, and Melanie M. Shea, Marlene C. Shedd, Margaret D. Specht, Debra G. Van Fossen, Laura M. Vandiver, Lisa S. Viola, David T. Whittle, Cherice Williams and Andrew D. Young ("Plaintiffs") who are current or former employees of the defendant United States of America ("Defendant"), in its Department of Justice, Bureau of Alcohol, Tobacco, Firearms and

Explosives ("BATF").   Plaintiffs are or were employed as Industry Operations Investigators ("IOI") in Office of Personnel Management ("OPM") occupational series GS-1801, or as Intelligence Research Specialists ("IRS") in OPM occupational series GS-0132. Plaintiffs bring this case on behalf of all others similarly situated, including other employees in the IOI and IRS positions at BATF. Plaintiffs seek to recover from Defendant back pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA"), 5 U.S.C. § 5596, and other applicable laws.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this civil action pursuant to 5 U.S.C. § 5596, 28 U.S.C. §§ 1346(a)(2), 1491, and 29 U.S.C. § 216(b).

3.      Further, this Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to issue declaratory judgments and other relief sought herein in that actual controversies exist between the Plaintiffs and Defendant regarding actions and failures to act by Defendant under the FLSA and otherwise.

## THE PARTIES

4.      Plaintiffs are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2015, 5541.

5.      Attached to this Complaint as Exhibit A are Plaintiffs' signed individual consent forms to be included as parties to this action pursuant to 29 U.S.C. § 216(b).  The individual plaintiffs and others similarly situated are or have been employed by Defendant during periods from 2014 to date.

6.      Defendant and its involved agency is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x), and an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596.

## GENERAL ALLEGATIONS

7.      Plaintiff Angela Bibbins is employed by Defendant as a GS-0132 IRS and has been so employed since April 2010.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

8.      Plaintiff Nicolas A. Boggs is employed by Defendant as a GS-1801 IOI and has been so employed since October 2005.  He is assigned to perform the work of an Industry Operations Intelligence Specialist ("IOIS").  He has been classified by Defendant as FLSA exempt from at least 2014 to the present.

9.      Plaintiff William Cotter is employed by Defendant as a GS-0132 IRS and has been so employed since May 2002.  He has been classified by Defendant as FLSA exempt from at least 2014 to the present.

10.     Plaintiff Lupe Crespin is employed by Defendant as a GS-0132 IRS and has been so employed since April 2008.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

11.     Plaintiff Brian Dominguez is employed by Defendant as a GS-0132 IRS and has been so employed since March 2011.  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

12.     Plaintiff Bryan C. Dwight is employed by Defendant as a GS-1801 IOI and has been so employed since November 2015.  He is assigned to perform the work of an Industry

Operations Intelligence Specialist ("IOIS").  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

13.     Plaintiff Philip J. Dziki is employed by Defendant as a GS-1801 IOI and has been so employed since January 2003.  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

14.     Plaintiff Sonja Fladie is employed by Defendant as a GS-0132 IRS and has been so employed since June 2016.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

15.     Plaintiff Stacy K. Foster is employed by Defendant as a GS-0132 IRS and has been so employed since January 2000.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

16.     Plaintiff Reba E. Fowler is employed by Defendant as a GS-1801 IOI and has been so employed since September 2007. She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

17.     Plaintiff Desra S. Fraser is employed by Defendant as a GS-0132 IRS and has been so employed since June 2007.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

18.     Plaintiff William C. Gleaton is employed by Defendant as a GS-1801 IOI and has been so employed since September 2012.  He has been classified by Defendant as FLSA exempt from at least 2014 to the present.

19.     Plaintiff Cheryl R. Glenn is employed by Defendant as a GS-0132 IRS and has been so employed since September 2010. She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

20.     Plaintiff Iris N. Gremillion is employed by Defendant as a GS-1801 IOI and has been so employed since March 2003.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

21.     Plaintiff Etta M. Guillory is employed by Defendant as a GS-1801 IOI and has been so employed since November 2008. She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

22.     Plaintiff David Hawley is employed by Defendant as a GS-0132 IRS and has been so employed since June 2014.  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

23.     Plaintiff Kelly Heim is employed by Defendant as a GS-0132 IRS and has been so employed since January 2006.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

24.     Plaintiff Angela M. Hoover is employed by Defendant as a GS-0132 IRS and has been so employed since June 2013.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

25.     Plaintiff Christine Kent is employed by Defendant as a GS-1801 IOI and has been so employed since January 2008.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

26.     Plaintiff Kristin Liles is employed by Defendant as a GS-0132 IRS and has been so employed since September 2005. She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

27.     Plaintiff Robert Little is employed by Defendant as a GS-0132 IRS and has been so employed since November 2015.  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

28.     Plaintiff Cecil I. Manuel is employed by Defendant as a GS-0132 IRS and has been so employed since May 2014.  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

29.     Plaintiff Ricardo I. Marrero is employed by Defendant as a GS-0132 IRS and has been so employed since May 2017.  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

30.     Plaintiff Yolanda Meggs is employed by Defendant as a GS-1801 IOI and has been so employed since November 2008. She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

31.     Plaintiff Ana Alicia Mendivil is employed by Defendant as a GS-0132 IRS and has been so employed since May 1990. She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

32.     Plaintiff Ricky J. Mustion is employed by Defendant as a GS-0132 IRS and has been so employed since January 2016.  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

33.     Plaintiff Scarlet E. Nardo is employed by Defendant as a GS-0132 IRS and has been so employed since October 2004.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

34.     Plaintiff Karen A. O'Donnell is employed by Defendant as a GS-1801 IOI and has been so employed since October 2010.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

35.     Plaintiff Tina J. Palmieri is employed by Defendant as a GS-1801 IOI and has been so employed since August 1989.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

36.     Plaintiff Jeremy S. Pelt is employed by Defendant as a GS-1801 IOI and has been so employed since March 2001.  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

37.     Plaintiff Lorna Petty is employed by Defendant as a GS-1801 IOI and has been so employed since January 2003.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

38.     Plaintiff John R. Quesada is employed by Defendant as a GS-0132 IRS and has been so employed since December 2002.  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

39.     Plaintiff Ruby Reed is employed by Defendant as a GS-0132 IRS and has been so employed since November 2008. She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

40.     Plaintiff Sheree R. Roberts is employed by Defendant as a GS-1801 IOI and has been so employed since September 2005.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

41.     Plaintiff Roberto Sanchez is employed by Defendant as a GS-1801 IOI and has been so employed since April 2001.  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

42.     Plaintiff Diane M. Schmitt is employed by Defendant as a GS-0132 IRS and has been so employed since June 2006.  She has been classified by Defendant as FLSA exempt from at least 2014 to the present.

43.     Plaintiff Melanie M. Shea was employed by Defendant as an IOI from 2001 until her retirement in 2017.  She was classified by Defendant as FLSA exempt from at least 2014 until her retirement in 2017.

44.     Plaintiff Marlene C. Shedd is employed by Defendant as a GS-0132 IRS and has been so employed since January 2011. She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

45.     Plaintiff Margaret D. Specht is employed by Defendant as a GS-1801 IOI and has been so employed since October 1988.  She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

46.     Plaintiff Debra G. Van Fossen is employed by Defendant as a GS-0132 IRS and has been so employed since July 1984. She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

47.     Plaintiff Laura M. Vandiver is employed by Defendant as a GS-0132 IRS and has been so employed since December 2009. She has been classified by Defendant as FLSA exempt from at least 2015 to the present.

48.     Plaintiff Lisa S. Viola was employed by Defendant as a GS-1801 IOI from June 2017 until her retirement in 2017.  She was classified by Defendant as FLSA exempt from at least 2015 until her retirement in 2017.

49.     Plaintiff David T. Whittle is employed by Defendant as a GS-0132 IRS and has been so employed since April 2013.  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

50.     Plaintiff Cherice Williams is employed by Defendant as a GS-1801 IOI and has been so employed since March 2001.  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

51.     Plaintiff Andrew D. Young is employed by Defendant as a GS-1801 IOI and has been so employed since April 2016.  He is assigned to perform the work of an Industry Operations Intelligence Specialist ("IOIS").  He has been classified by Defendant as FLSA exempt from at least 2015 to the present.

52.     Plaintiffs Dziki, Fowler, Gleaton, Gremillion, Guillory, Kent, Meggs, O'Donnell, Palmieri, Pelt, Petty, Roberts, Sanchez, Specht and Williams perform and plaintiff Shea performed duties similar to other employees in the IOI position at BATF, and, are therefore similarly situated to such employees with respect to the claims asserted in this complaint. Plaintiffs Boggs, Dwight and Young perform duties similar to other employees in the IOIS position at BATF and are therefore similarly situated to such employees with respect to the claims asserted in this complaint.  Plaintiffs Bibbins, Cotter, Crespin, Dominguez, Fladie, Foster, Fraser, Glenn, Hawley, Hoover, Heim, Liles, Little, Manuel, Marrero, Mendivil, Mustion, Nardo, Quesada, Reed, Schmitt, Shedd, Van Fossen, Vandiver and Whittle perform and plaintiff

Viola performed duties similar to other employees in the IRS position at BATF, and are therefore similarly situated to such employees with respect to the claims asserted in this complaint.

53.     Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to the Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

54.     Under the FLSA and OPM regulations, employees are presumed to be FLSA non-exempt, and Defendant carries the burden of demonstrating by clear and convincing evidence that Plaintiffs and others similarly situated are FLSA exempt.

55.     At all times material herein, Defendant considered and treated Plaintiffs, and others similarly situated, as FLSA exempt and has not accorded Plaintiffs the rights and benefits to which FLSA non-exempt employees of Defendant are entitled.

56.     At all times material herein, Plaintiffs, and others similarly situated, received compensatory time as payment for working in excess of 8 hours each day or 40 hours each week, or for hours beyond the basic work requirement of a Compressed Work Schedule as defined by 5 U.S.C. § 6121(5)(A). Such compensatory time has been paid at the rate of one hour of compensatory time for each hour of overtime worked.

57.     If Plaintiffs, and others similarly situated, were properly classified as non-exempt from the FLSA, they would have received overtime pay at the rate of time and one-half their FLSA regular rate in monetary compensation, not compensatory time in lieu of overtime pay.

58.     At all times material herein, when Plaintiffs, and others similarly situated, received overtime pay for hours worked outside of their compressed work schedule, such pay has been less than the overtime rate they are due under the FLSA.

59.     BATF has been held to be in violation of the FLSA in prior litigation in the United States Court of Federal Claims.

60.     Defendant and its officers and agency, BATF, willfully have violated, and continue willfully to violate, the provisions of the FLSA and the premium pay provisions of Title 5 of the U.S. Code by wrongfully and willfully failing and refusing to provide Plaintiffs, and others similarly situated, with pay and benefits due under the FLSA and implementing regulations of Defendant.

## COUNT ONE

### (Failure to Properly Compensate Plaintiffs for Overtime under FLSA)

61.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 60 above.

62.     Defendant has wrongfully and willfully denied Plaintiffs, and others similarly situated, coverage under FLSA and has wrongfully and willfully withheld overtime compensation due them by failing and refusing to pay them in accordance with FLSA for hours worked in excess of forty (40) hours per week and/or 8 hours a day, or for hours beyond the basic work requirement of a Compressed Work Schedule as defined by 5 U.S.C. § 6121(5)(A) or a Flexible Work Schedule as defined by 5 U.S.C. § 6122(a)(1) & (2).

## COUNT TWO

### (Improper Payment of Compensatory Time)

63.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 62 above.

64.     At all times material herein, during the workweeks in which Plaintiffs, and others similarly situated, have worked in excess of forty (40) hours per week or have worked beyond their basic work requirement, and have been entitled to FLSA overtime, Defendant has violated the FLSA by paying Plaintiffs in the form of compensatory time at the rate of one hour for each hour of overtime worked.

65.     Payment of compensatory time as compensation for FLSA overtime hours is only permitted for employees to whom 5 U.S.C. § 5543 applies, and not to Plaintiffs.

66.     5 U.S.C. § 5543 does not apply to Plaintiffs, and others similarly situated, because they never requested to take compensatory time in lieu of FLSA overtime at the rate of one and one half-times their "regular rate of pay" as required by 29 U.S.C. § 207(a).

67.     Thus, at all times material herein, Defendant has violated, and continues to violate the overtime pay provisions of section 7(a) of the FLSA by failing to pay Plaintiffs, and others similarly situated, at the time and one-half rate for each overtime hour worked by them.

**COUNT THREE**

**(Request for Back Pay, Liquidated Damages, Interest, Attorneys' Fees and Costs)**

68.     Plaintiffs incorporate by reference herein the allegations contained in Paragraphs 1 through 67 above.

69.     As a result of the wrongful and willful violations of law by Defendant and its officers and agents as alleged in the claims specified above, there is due and owing to Plaintiffs,

and others similarly situated, various amounts of back pay, liquidated damages, interest, attorneys' fees and costs.

70.     Employment, time, work, pay, leave and other records relating to Plaintiffs are in the possession, control, and custody of Defendant and its officers and agents and Plaintiffs are unable to state at this time the exact amount of pay, benefits, and liquidated damages which are due and owing to them with respect to their individual claims.  Defendant and its officers and agents are under a duty imposed by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability to Plaintiffs may be determined.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a)     Issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiffs were and are employed by Defendant in a non-exempt capacity under the FLSA but have been wrongfully and willfully denied such status by Defendant; and

b)     Order Defendant, subject to rules and regulations to be established by this Court which conform with the FLSA, to conduct a full, complete and accurate accounting of all back overtime wages, premium and other pay, leave, holiday, and excused and other paid absence compensation, and benefits, interest, and liquidated damages due and owing to Plaintiffs as is sought herein from 2014 to a date which is not more than 30 days before the date on which the judgment herein is paid; and

c)     Award Plaintiffs such back pay, premium pay, liquidated damages, and interest under the FLSA and the Back Pay Act from the date of the denial of such pay and entitlements

until a date not more than 30 days before the date on which the judgment herein is paid, and

costs, as are due and owing to them by Defendant under applicable federal laws and regulations;

and

d)      Award Plaintiffs reasonable attorneys' fees and costs to be paid by Defendant

under FLSA, the Back Pay Act, 5 U.S.C. § 5596, and the Equal Access to Justice Act, 28 U.S.C.

§ 2412(d)(1)(B); and

e)      Issue a call upon Defendant pursuant to 28 U.S.C. § 2507, requiring the

production of information or papers of Defendant establishing Defendant's liability herein; and

f)      Grant to Plaintiffs such other relief as the Court deems just and proper.

Respectfully submitted,

**/s/Linda Lipsett**
Linda Lipsett (Counsel of Record)
BERNSTEIN & LIPSETT, P.C.
1130 Connecticut Avenue, N.W., Suite 950
Washington, D.C.  20036
(202) 296-1798
(202) 496-0555 facsimile
chouse@bernstein-lipsett.com

OF COUNSEL:

Jules Bernstein
BERNSTEIN & LIPSETT, P.C.
1130 Connecticut Avenue, N.W., Suite 950
Washington, D.C.  20036
(202) 296-1798
(202) 496-0555 facsimile

Daniel M. Rosenthal
Alice Hwang
JAMES & HOFFMAN, P.C.
1130 Connecticut Avenue, N.W., Suite 950
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile
dmrosenthal@jamhoff.com
achwang@jamhoff.com

*Attorneys for Plaintiffs*

Dated: June 20, 2018

# EXHIBIT A

**EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT ("FLSA")**
**PLEASE TYPE OR PRINT CLEARLY**

I, BRIAN DOMINGUEZ                , hereby consent to be a party in litigation under the Fair Labor Standards Act.

Signature: _____

**EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT ("FLSA")**
**PLEASE TYPE OR PRINT CLEARLY**

I, _Reba E. Fowler_____, hereby consent to be a party in litigation under the Fair Labor Standards Act.

Signature: _____

**EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT ("FLSA")**
**PLEASE TYPE OR PRINT CLEARLY**

I, ___Christine Kent_____, hereby consent to be a party in litigation under the Fair Labor Standards Act.

Signature: _____

**EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT ("FLSA")**
**PLEASE TYPE OR PRINT CLEARLY**

I, _CECIL I. MANUEL_____, hereby consent to be a party in litigation under the Fair Labor Standards Act.

Signature: _____

**EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT ("FLSA")**
**PLEASE TYPE OR PRINT CLEARLY**

I, __Ricardo I. Marrero_____, hereby consent to be a party in litigation under the Fair Labor Standards Act.

Signature: _____

EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT ("FLSA")
PLEASE TYPE OR PRINT CLEARLY

I, Cherice Williams , hereby consent to be a party in litigation under the Fair Labor Standards Act.

Signature: Cherice Williams

## CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 20th day of June, 2018, a copy of the foregoing "SEVENTH AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


Linda Lipsett
**/s/Linda Lipsett**